Tompkins, J.,
delivered the opinion of the Court.
Stone, in the year 1828, brought his action against Pinkston, on a judgment rendered against Pinkston, in Kentucky. At a subsequent term, the plaintiff, by leave, amended his declaration by filing two new counts, of which alone it is necessary to take notice.
To the amended declaration, the defendant by leave pleaded in vacation, mil tiel record, and the cause was continued till the next term, when the defendant moved the Court for leave to file the plea of nil debet. The Court refused leave. The defendant then moved the Court to strike out both the counts of the amended declaration, which the Court refused to do; and among other things it is assigned for error^ that the Court refused to allow the plea of nil debet to be filed, and strike out the two counts of the amended declaration.
First. Our statute, p. 624 of the Digest, sec. 19, of the act to regulate proceedings at law, provides that all pleadings may be amended at any time before a jury is sworn, upon such terms as the Circuit Courts may respectively prescribe. Here the plaintiff came to establish his demand by proving there was such a record as declared on; and at the day of trial the defendant comes with a plea of nil debet, which, if good in Kentucky is good here, and operates as a surprise to the plaintiff. The Circuit Court, we think, exercised its discretion soundly, in refusing leave to file this plea.
Second. In the querilur of both counts of the amended declaration, the plaintiff states his demand to be one thousand dollars, and in the statement of his cause of action he shows a judgment in Kentucky for $762 20, and it is assigned for breach that the defendant had not paid the sum of $1000 above demanded as in the queritur. This breach, (whether it would be held on demurrer to be well assigned or not,) we are disposed to say ought to be held good after verdict. The defendant will not *87 demur, but waits till the last moment, when the plaintiff is ready for trial, to ask the Court to strike out all the plaintiff’s declaration. The Court ought not to comply with such a request, unless the declaration were most glaringly defective, and the .plaintiff is entitled to all the indulgence he would have after verdict.
It was further assigned for error, that the damages found by the Circuit Court ? $236, exceed the damages laid in the declaration. In each count of the amended declaration, the plaintiff has alledged his damages to amount to $200. It not appearing either from the bill of exceptions or from the pleading, that only one record was given in evidence, we are inclined to favor the plaintiff by allowing him to avail himself, of the amount of damages laid in the two counts. It is a hard case. The damages, as laid in each count of the declaration were great enough, if the cause had been tried in a reasonable time; but in two or three years after the commencement of the action, the interest on the demand exceeded the damages laid in one count of the declaration by a small sum. This delay was produced by the defendant. The finding being on the amended declaration, which contains two counts, we think there is no error in this. The judgment of the Circuit Court is therefore affirmed.